Charles W. Hingle (No. 1947)
Shane P. Coleman (No. 3417)
HOLLAND & HART LLP
401 North 31st Street, Suite 1500
Billings, Montana 59101
Telephone: (406) 252-2166
Facsimile: (406) 252-1669
chingle@hollandhart.com
spcoleman@hollandhart.com

Brian A. Glasser
Athanasios Basdekis
BAILEY & GLASSER, LLP
209 Capitol Street
Charleston, WV 25301
Telephone: (304) 345-6555
Facsimile: (304) 342-1110
Email: BGlasser@baileyglasser.com
Email: tbasdekis@baileyglasser.com

Steven L. Hoard
John G. Turner, III
Robert R. Bell
MULLIN HOARD & BROWN, LLP
500 South Taylor, Suite 800, LB# 213
P.O. Box 31656
Amarillo, Texas 79120-1656
Telephone: (806) 372-5050
Facsimile: (806) 371-6230
Email: shoard@mhba.com
Email: jturner@mhba.com
Email: rbell@mhba.com

ATTORNEYS FOR MARC S. KIRSCHNER, AS TRUSTEE
OF THE YELLOWSTONE CLUB LIQUIDATING TRUST

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re: | Chapter 11 |
| Yellowstone Mountain Club, LLC, et al.,[1] | Case No. 08-61570-11 |
| Debtors. | |
| MARC S. KIRSCHNER, AS TRUSTEE OF THE YELLOWSTONE CLUB LIQUIDATING TRUST | Adversary No. 09-00064 |
| Plaintiff, | **JOINT MOTION TO STAY PROCEEDINGS** |
| v. | |
| TIMOTHY BLIXSETH; CASA 20 LLC; TAMARINDO, LLC; John Does 1-100; and XYZ Corp. 1-100; | |
| Defendants. | |

---

[1] The Debtors are the following entities: Yellowstone Mountain Club, LLC, Yellowstone Development, LLC and Big Sky Ridge, LLC, which entities are substantively consolidated, and Yellowstone Club Construction Co., LLC, which is jointly administered with the other Debtors.

Plaintiff, Yellowstone Club Liquidating Trust ("YCLT") and Defendant, Timothy L. Blixseth, through their undersigned counsel, move the Court to stay all proceedings in this adversary proceeding ("AP-64") on the following grounds and for the following reasons:

1. The parties require additional time to assess the Court's Memorandum of Decision dated August 16, 2010, in the adversary proceeding entitled *Timothy L. Blixseth v. Marc S. Kirschner*, Adversary No. 09-00014 ("AP-14") and its impact on this AP-64.

Nothing herein shall be construed as prohibiting either party from giving notice of appeal in AP-14 or extending the time for any such appeal.

WHEREFORE the parties pray the Court stay all proceedings in this case, including the trial scheduled for September 27, 2010, for a period of no less than sixty (60) days from the date hereof and grant such other and further relief as the Court deems proper.

Dated this 17th day of August, 2010.

/s/ Charles W. Hingle
Charles W. Hingle
Shane P. Coleman
Holland & Hart LLP
401 North 31st Street, Suite 1500
P.O. Box 639
Billings, MT  59103-0639

John G. Turner, III
MULLIN HOARD & BROWN, LLP
500 South Taylor, Suite 800, LB# 213
P.O. Box 31656
Amarillo, Texas  79120-1656
Telephone: (806) 372-5050
Facsimile: (806) 371-6230

**ATTORNEYS FOR PLAINTIFFS**

/s/ Philip H. Stillman
Philip H. Stillman
Stillman & Associates
508 Meadowmist Court, Suite B
Olivenhain, CA  92024
Telephone: (888) 235-4279
**ATTORNEY FOR TIMOTHY L. BLIXSETH**

*****

## NOTICE OF OPPORTUNITY TO RESPOND
## AND REQUEST A HEARING

If you object to the motion, you must file a written responsive pleading and request a hearing before the Bankruptcy Court within fourteen (14) days of the date of the motion. The responding party shall schedule the hearing on the motion at least twenty-one (21) days after the date of the response and request for hearing and shall include in the caption of the responsive pleading in bold and conspicuous print the date, time and location of the hearing by inserting in the caption the following:

**NOTICE OF HEARING**
**Date:** _____
**Time:** _____
**Location:** _____

If no objections are timely filed, the Court may grant the relief requested as a failure to respond by any entity shall be deemed an admission that the relief requested should be granted.

*****

## CERTIFICATE OF SERVICE

I, the undersigned, certify under penalty of perjury that on August 17, 2010, or as soon as possible thereafter, copies of the foregoing *Joint Motion to Stay Proceedings* was served electronically by the Court's ECF notice to all persons/entities requesting special notice or otherwise entitled to the same and that in addition service by mailing a true and correct copy, first class mail, postage prepaid, was made to the following persons/entities who are not ECF registered users: None.

/s/ Charles W. Hingle
Charles W. Hingle

4894277_1.DOC