UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re<br><br>**YELLOWSTONE MOUNTAIN CLUB, LLC**,<br><br>Debtor. | Case No. **08-61570-11** |
| **MARC S KIRSCHNER, TRUSTEE OF THE YELLOWSTONE CLUB LIQUIDATING TRUST**,<br><br>Plaintiff.<br><br>-vs-<br><br>**TIMOTHY L BLIXSETH**, **CASA 20 LLC**, **TAMARINDO LLC**, **JOHN DOES 1-100**, and **XYZ CORP. 1-100**,<br><br>Defendants. | Adv No. **09-00064** |

# MEMORANDUM of DECISION

At Butte in said District this 15th day of March, 2012.

In this Adversary Proceeding, four matters are pending: (1) the Motion of the Plaintiff, Marc S. Kirschner, as Trustee of the Yellowstone Club Liquidating Trust, requesting entry of an immediate order enjoining Defendant Timothy L. Blixseth ("Blixseth") from any actions to sell, transfer, dispose of, encumber or otherwise liquidate, or causing any entity owned or controlled by him to sell, transfer, dispose of, encumber or otherwise liquidate, the Tamarindo property without prior order of the Court, which Motion was filed on September 8, 2009, and has been

1

held in abeyance as a result of various Stipulations wherein the Defendants and others acting on behalf or in concert with them, shall not sell, transfer, dispose of, encumber, or otherwise liquidate the Tamarindo resort property described in Count III of the Complaint; (2) Plaintiff's Amended Motion for Summary Judgment filed July 12, 2010 (see docket entry nos. 65, 67, 87, 88 and 89); (3) the Defendants' Motion for Summary Judgment filed July 26, 2010 (see docket entry nos. 66, 88, 89, 90 and 91); and (4) the Defendants' Motion to Vacate Preliminary Injunction filed July 27, 2010.  The Court held the above matters in abeyance for various reasons, including further consideration regarding confirmation of the Debtors' Third Amended Joint Plan of Reorganization, which matter was remanded to this Court by United States District Court Judge Sam E. Haddon on November 2, 2010.  This Court has since entered a Memorandum of Decision and Order, as instructed by Judge Haddon, providing all parties-in-interest with notice of a certain Settlement Term Sheet attached to Debtors' Third Amended Joint Plan of Reorganization, setting forth additional reasons why said Settlement Term Sheet should be approved, and identifying and delineating the scope of an exculpation clause contained in the Debtors' Third Amended Joint Plan of Reorganization.

      In the first motion for summary judgment, Plaintiff requests that the Court (a) set aside the substitution of Edra Blixseth as the obligor on the Lot 90 Note in place of Timothy Blixseth as a fraudulent transfer; (b) award the Trust a judgment against Timothy Blixseth for the balance of principal and interest due on the Lot 90 Note, which Plaintiff asserts was $2,139,041.10 as of March 31, 2009; and (c) set aside the transfer of YD's interests in Yellowstone Club World Tamarindo, S. de R.L. de C.V. ("YCWT") and Yellowstone Holdings Mexico S. de R.L. de C.V. ("YHM") to Timothy Blixseth or, alternatively, award the Trust a judgment against Timothy

Blixseth for the value of those interests in the amount of $40 million. Plaintiff filed a statement of undisputed facts. Defendants responded with 68-page statement of genuine issues. The following are the facts to which Plaintiff and Defendants agree:

1. On December 29, 2006 Yellowstone Development ("YD") purchased real property, commonly known as "Lot 90," located in Madison County described as follows:

> Lot 90, Yellowstone Mountain Club Subdivision, Phase 1 and 2, Madison County, Montana, according to the official plat thereof on file and of record in the office of the County Clerk and Recorder, Madison County, Montana.

2. Plaintiff Marc S. Kirschner, as Trustee of the Yellowstone Club Liquidating Trust] ("YC") is the current owner of the Lot 90 Note.

3. Edra Blixseth and Timothy Blixseth reaffirmed Timothy Blixseth's purchase of Lot 90 from YD, with Timothy Blixseth retaining Lot 90 in his possession, and also affirmed the validity of the Lot 90 Note in their Marital Settlement Agreement ("MSA") effective August 13, 2008.

4. Pursuant to the MSA, Edra Blixseth assumed the Lot 90 Note on August 13, 2008, effectively substituting her obligation for the obligation of Timothy Blixseth.

5. Pursuant to the terms of the Lot 90 Note, payment was due in full by March of 2009.

6. Neither YD nor YCLT has received any payments under the Lot 90 Note. The balance due on the note is $2,000,000.00 in principal and $139,041.10 in interest as of March 2009 maturity date. Interest continues to accrue on the full balance of principal and interest due on the Lot 90 Note as of March 31, 2009, at the statutory rate of 10% per year.

7. In early 2008 and within a year prior to YD's bankruptcy, YD owned 99.99% of Yellowstone Club World Club World Tamarindo, S. de R.L. de C.V. ("YCWT") and 99.99% of Yellowstone Holdings Mexico S. de R.L. de C.V. ("YHM").

8. In early 2008 and within a year prior to YD's bankruptcy, YHM owned the remaining .01% of YCWT.

9. In early 2008 and within a year prior to YD's bankruptcy, Blixseth Group Inc. ("BGI") owned the remaining .01% of YHM.

10. YCWT's principal asset is a resort in Mexico known as "Tamarindo."

11. According to Timothy Blixseth and Edra Blixseth, the Tamarindo resort had a value of $40 million as of the closing date of the MSA.

12. The MSA had a closing or finalization date of on or about August 13, 2008.

13. Among other things, the MSA required Edra Blixseth to transfer to Timothy Blixseth the "equivalent of Sixty Million Dollars."

14. The $60 million payment from Edra Blixseth to Timothy Blixseth included membership interests in foreign entities that held "the Tamarindo, Mexico resort property in which Yellow Development, LLC holds an interest." This transaction is called the "Tamarindo Transfer.

15. BGI, by signature of Edra Blixseth, transferred its .01% interest in YHM to "Tamarindo, LLC," of which Timothy Blixseth is the "manager."

16. Edra Blixseth immediately "donated" her newly-acquired interests in YCWT and YHM to Timothy Blixseth.

Even though Defendants agree to the above facts, they assert Plaintiff's motion for

summary judgment must be denied: (1) because Yellowstone Development, LLC, as part of Tim and Edra's Marital Settlement Agreement, executed a full release of all claims, including those claims brought in this Adversary Proceeding; (2) that there is at a minimum a genuine issue of fact concerning whether YD received reasonably equivalent value at the time of the purchase; (3) that the terms of the MSA immunizes Mr. Blixseth from post-MSA claims that court-mandated transfers could be set aside *ex post facto*; (4) that as of August 12, 2008, YD and BGI were solvent under any test, according to Defendant's expert, and the transfer of the Tamarindo interests did not render YD insolvent; and (5) that Mr. Blixseth took in good faith and gave reasonably equivalent value for all of the transfers in the MSA, among which the YCLT cannot pick and choose.

Blixseth also filed his own "Motion for Summary Judgment or Adjudication of Issues," seeking entry of summary judgment in Defendants' favor on grounds there are no genuine issues of material fact remaining for trial and judgment. In the alternative, Defendants request entry of partial summary judgment on each claim on which there is no factual dispute or summary adjudication of issues. Blixseth argues: "In short, the Marital Settlement Agreement between Mr. Blixseth and Edra Blixseth, the general releases contained in the MSA and in a separate document signed by the Yellowstone Mountain Club, LLC, Yellowstone Development, LLC, Big Sky Ridge, LLC (collectively the "Yellowstone Entities"), BGI, and the final judgment of the California Superior Court incorporating the foregoing documents conclusively bars the claims as a matter of law."

With respect to Blixseth's request for summary judgment, which is premised on the argument that the MSA conclusively bars Plaintiff's claims as a matter of law, the Court would

5

note that the MSA is arguably the subject of attack in various proceedings, including in *Samson v. Blixseth,* Adversary Proceeding 10-00088 now pending before this Court, and *Kirschner v. Blixseth*, Case No. CV 11-08283 GAF now pending before the United States District Court for the Central District of California. Based upon the other proceedings, particularly the matter pending before the Honorable Gary Allen Feess in the United States District Court for the Central District of California, this Court declines to enter any summary ruling that would uphold or void the Releases associated with the MSA or otherwise enter a decision that would impact the MSA. Therefore, Blixseth's Motion for Summary Judgment or Adjudication of Issues is denied.

Similarly, Plaintiff argues he is entitled to summary judgment on Counts II and III of his First Amended Complaint because "the Yellowstone Club was insolvent as of August 13, 2008, and because the Yellowstone Club did not receive reasonably equivalent value for the release of Timothy Blixseth from his obligation on the Lot 90 Note or for the transfer of Tamarindo, the Trust is entitled to summary judgment on Counts II and III of its First Amended Complaint." Plaintiff's foregoing argument that the Yellowstone Club was insolvent on August 13, 2008, is based upon evidence presented at the trial in Adversary Proceeding 09-00014 and a judgment that is not final. The Honorable Sam E. Haddon of the United States District Court for the District of Montana entered an Order on October 11, 2011, concluding this Court's amended judgment entered in Adversary Proceeding 09-00014 was not a final judgment from which an appeal could be taken. This Court is not inclined to enter a summary ruling in this proceeding based upon a finding in another proceeding that is not the subject of a final judgment which has been upheld on appeal. Accordingly, Plaintiff's Amended Motion for Partial Summary Judgment is denied.

Also pending in this Adversary Proceeding is Plaintiff's request for entry of an immediate order enjoining Blixseth from any actions to sell, transfer, dispose of, encumber or otherwise liquidate, or causing any entity owned or controlled by him to sell, transfer, dispose of, encumber or otherwise liquidate, the Tamarindo property without prior order of the Court, which Motion was filed on September 8, 2009, and has been held in abeyance as a result of various Stipulations wherein the Defendants and others acting on behalf or in concert with them, shall not sell, transfer, dispose of, encumber, or otherwise liquidate the Tamarindo resort property described in Count III of the Complaint. The Court will further consider Plaintiff's Motion for Preliminary Injunctive Relief and Blixseth's Motion to Vacate Preliminary Injunction by separate order.

In accordance with the foregoing, the Court will enter a separate order as follows:

IT IS ORDERED Plaintiff's Amended Motion for Partial Summary Judgment filed July 12, 2010, at docket entry no. 65 is DENIED.

IT IS FURTHER ORDERED that Blixseth's Motion for Summary Judgment or Adjudication of Issues filed July 26, 2010, is DENIED.

BY THE COURT

*/s/ Ralph B. Kirscher*
HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana