## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re | |
| **YELLOWSTONE MOUNTAIN CLUB, LLC**, | Case No. **08-61570-11** |
| Debtor. | |
| **MARC S KIRSCHNER, TRUSTEE OF THE YELLOWSTONE CLUB LIQUIDATING TRUST**, | |
| Plaintiff. | |
| -vs- | Adv No. **09-00064** |
| **TIMOTHY L BLIXSETH, CASA 20 LLC, TAMARINDO LLC, JOHN DOES 1-100,** and **XYZ CORP. 1-100**, | |
| Defendants. | |

## MEMORANDUM of DECISION

At Butte in said District this 17th day of July, 2012.

Plaintiff commenced this Adversary Proceeding on September 2, 2009, and on September 8, 2009, filed a motion for preliminary injunction. On September 18, 2009, the parties filed a "Stipulation for Extension of Time and for Entry of Interim Preliminary Injunction," which was approved by the Court on September 21, 2009. The aforementioned stipulation was extended by stipulations filed November 5, 2009, December 29, 2009, February 5, 2010, February 25, 2010,

1

March 30, 2010, and May 7, 2010.  In the Stipulation filed May 7, 2010:

> The parties agree that the Stipulated Order (dkt. 9) shall remain in full force and effect through judgment in this case, without prejudice to either party's right to seek modification or dissolution of this stipulated-to injunction by motion and hearing on any grounds that exist currently or may exist during the pendency of this action. This stipulation is entered into without waiver of any argument concerning whether injunctive relief is either warranted or appropriate.  Pursuant to the Stipulated Order, the Defendants and others acting on behalf or in concert with them, shall not sell, transfer, dispose of, encumber, or otherwise liquidate the Tamarindo resort property described in Count III of the Complaint (the "Tamarindo Property").

Defendants filed a Motion to Vacate Preliminary Injunction on July 27, 2010.  Defendants also filed on April 2, 2012, an Expedited Motion to Reconsider Order Overruling Objection to Purported Order Denying Defendants' Motion for Summary Judgment.  After due notice, a hearing was held May 8, 2012, in Butte on Defendants' July 27, 2010, Motion to Vacate Preliminary Injunction and on Defendants' April 2, 2012, Expedited Motion to Reconsider Order Overruling Objection to Purported Order Denying Defendants' Motion for Summary Judgment. Plaintiff was represented at the hearing by Steven L. Hoard of Amarillo, Texas and Shane P. Coleman of Billings, Montana; Defendants were represented by Patrick T. Fox of Helena, Montana.  The Court heard attorney argument, but no witness testimony was offered.  Plaintiff's Exhibits 1 through 48 and Defendants' Exhibits 1 through 6 were admitted into evidence without objection.

      1.     Motion to Vacate Preliminary Injunction

As noted earlier, the parties in this Adversary stipulated to a preliminary injunction "without prejudice to either party's right to seek modification or dissolution of this stipulated-to injunction by motion and hearing on any grounds that exist currently or may exist during the

pendency of this action." Defendants' motion puts squarely before this Court the issue of whether a preliminary injunction is appropriate.

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 129 S.Ct. 365, 376, 172 L.Ed.2d 249 (2008). This Court previously articulated the test required for the granting of a preliminary injunction in *In re Klopp*, 14 Mont. B.R. 334, 335 (Bankr. D. Mont. 1995). The same test is applicable to a request for a temporary restraining order. A moving party seeking a preliminary injunction must establish: (1) a substantial likelihood of success on the merits; (2) that it will suffer irreparable harm in the absence of injunctive relief; (3) that the other parties will suffer no substantial harm if the preliminary injunction is granted; and (4) that the public interest favors issuance of an injunction. *Id.*; *American Trucking Associations, Inc. v. City of Los Angeles,* 559 F.3d 1046, 1052 (9th Cir. 2009); *In re Kalispell Feed and Grain Supply, Inc.*, 55 B.R. 627, 629 (Bankr. D. Mont. 1985).

Defendants argue in their Motion to Vacate Preliminary Injunction that Plaintiff "cannot show a reasonable likelihood of success on the merits, given that the debtors have all released Mr. Blixseth from the very claims that are being asserted in this adversary proceeding." In support of such assertion, Defendants "incorporate the arguments and facts as set forth in" the Defendants' motion for summary judgment. The referenced motion for summary judgment was denied by this Court on March 15, 2012, but the primary argument in support of the motion for summary judgment was:

> [T]he Marital Settlement Agreement between Mr. Blixseth and Edra Blixseth, the general releases contained in the MSA and in a separate document signed by the Yellowstone Mountain Club, LLC, Yellowstone Development, LLC, Big Sky

3

Ridge, LLC (collectively the "Yellowstone Entities"), BGI, and the final judgment of the California Superior Court incorporating the foregoing documents conclusively bars the claims as a matter of law.

Memorandum in Support of Defendant's Motion for Summary Judgment or Adjudication of Issues, docket entry no. 66-1, p.1.  Defendants continue in that same Memorandum: "[A] written release [generally] extinguishes any obligation covered by the release's terms, provided it has not been obtained by fraud, deception, misrepresentation, duress or undue influence."  *Id.*, p.10, quoting *Skrbina v. Fleming Cos.*, 45 Cal.App.4th 1353, 53 Cal.Rptr.2d 481 (1996).

As set forth above, Plaintiff must establish an ability to succeed on the merits and that the balance of equities tips in its favor.  Plaintiff has shown both.

In Adversary Proceeding No. 10-15--involving the same Plaintiff, various defendants, including Timothy L. Blixseth, and involving, in part, various transfers by Timothy L. Blixseth to Desert Ranch LLLP and Desert Ranch Management LLC--this Court entered an Order on October 20, 2010, denying a request by the Yellowstone Club Liquidating Trust for an additional preliminary injunction.  The Court noted in such Order that the Tamarindo Resort Property had a potential value of $40 million and that in Adversary Proceeding No. 09-14, this Court had entered Judgment in favor of the Yellowstone Club Liquidating Trust and against Timothy L. Blixseth in the amount of $40,067,962.43.[1]  Because of the nature of claims in Adversary Proceeding No. 10-15, and because the Judgment in Adversary Proceeding No. 09-14 of $40,067,962.43 was in perfect congruity with the stipulated injunction already in place, the Court declined to broaden the scope of the injunction.

---

[1]  United States District Court Judge Sam E. Haddon has concluded this Court's Judgment is not a final judgment from which an appeal can be taken.  Thus, this Court must take steps to make the Judgment final for appeal purposes.

4

In contrast to Adversary Proceeding No. 10-15, Plaintiff in this Adversary Proceeding seeks to set aside alleged transfers of specific properties commonly known as "Lot 90" in the Yellowstone Club and the "Tamarindo" resort in Mexico from Yellowstone Development, LLC to Timothy Blixseth and his affiliated entities made when Yellowstone Development, LLC was insolvent and within one year of the Debtors' bankruptcy.[2]  Pursuant to the approved Stipulation between Plaintiff and Defendants, "[t]he Defendants and others acting on behalf or in concert with them, shall not sell, transfer, dispose of, encumber, or otherwise liquidate the Tamarindo resort property described in Count III of the Complaint."

In addition to Adversary Proceeding No. 09-14, this Adversary Proceeding and Adversary Proceeding No. 10-15, the Yellowstone Club Liquidating Trust has also filed an action against Timothy L. Blixseth in the United States District Court for the Central District of California.  In the California action, the Yellowstone Club Liquidating Trust seeks to set aside one aspect of a Mutual Waiver and Release Agreement between Defendant Timothy L. Blixseth and his ex-spouse, Edra Blixseth, as part of their Marital Settlement Agreement ("MSA").[3]  In particular, the Yellowstone Club Liquidating Trust seeks to set aside a release by BLX Group, Inc., f/k/a Blixseth Group, Inc., whereby Defendant Timothy L. Blixseth was released from any liability on two promissory notes totaling roughly $199 million.  In February 2012, the Court in the

---

[2]  This Adversary Proceeding also involves alleged member distributions from Big Sky Ridge, LLC to Timothy Blixseth or his affiliated entities.

[3]  The MSA is also the subject of attack by Richard Samson, the Chapter 7 Trustee of the Edra D. Blixseth bankruptcy, in Adversary Proceeding No. 10-88.  In Adversary Proceeding No. 10-88, the Court has already rejected Blixseth's arguments based upon the *Rooker-Feldman* doctrine and res judicata, which are also raised in the Defendants' motion for summary judgment filed in this Adversary Proceeding.

California action denied a motion to dismiss filed by Defendant Timothy L. Blixseth.

This action involves another aspect of the Mutual Waiver and Release Agreement, and as explained in the Memorandum of Decision entered March 15, 2012, "[b]ased upon the other proceedings, particularly the matter pending before the Honorable Gary Allen Feess in the United States District Court for the Central District of California, this Court declines to enter any summary ruling that would uphold or void the Releases associated with the MSA or otherwise enter a decision that would impact the MSA."

Given this Court's prior rulings in Adversary Proceeding Nos. 09-14 and 10-88 and given Judge Feess' Order denying Blixseth's motion to dismiss, the Court finds Plaintiff had established an ability to succeed on the merits. Moreover, the Court concludes that preservation of the status quo is the equitable remedy at this time and the balance of equities tips in Plaintiff's favor. Therefore, Defendants' Expedited Motion to Vacate Preliminary Injunction is denied.

    2.    Expedited Motion for Reconsideration

On March 15, 2012, this Court entered a Memorandum of Decision and Orders denying the Plaintiff's amended motion for partial summary judgment and Defendants' motion for summary judgment or adjudication of issues. On March 29, 2012, Defendants filed an "Objection to the Bankruptcy Court's Purported 'Order' on Defendants' Motion for Summary Judgment Pursuant to Rule 9033(B)." In an Order entered March 30, 2012, this Court overruled Defendants' March 29, 2012, concluding the objection was not a request for reconsideration as it did not contain a prayer for relief.[4]

---

[4] Defendants attempt to characterize this Court's March 15, 2012, Memorandum of Decision and Orders as recommended findings of fact and conclusions of law. That is why Defendants' March 29, 2012, pleading is styled an Objection. The Court's Memorandum of

Defendants then filed on April 2, 2012, the instant expedited motion for reconsideration requesting "that this Court grant their Motion for Reconsideration and vacate this Court's March 30, 2012 Order, and transmit the proposed findings of fact and conclusions of law to the District Court as required by Fed.R.Bankr.P. 9033(b)."  Relying on *Stern v. Marshall*, ––– U.S. –––, 131 S.Ct. 2594, 180 L.Ed.2d 475 (2011), *Ortiz v. Aurora Health Care, Inc. (In re Ortiz)*, 665 F.3d 906 (7th Cir. 2011), and *Tabor v. Kelly (In re Davis)*, 2011 WL 5429095 (Bankr. W.D.Tenn. 2011), Defendants--characterizing this Court's Order entered March 15, 2012, denying Defendant's motion for summary judgment as "a potentially dispositive motion"–argue this Court lacks authority to deny Defendants' motion for summary judgment and "is limited, *at best*, to submitting proposed findings of fact and conclusions of law to the District Court for *de novo* review[.]"

*Stern v. Marshall*, *Ortiz* and *Davis*, which involved final, binding judgments, are distinguishable.  This Court's Order denying Defendants' motion for summary judgment, which did not finally decide any of the claims asserted in this Adversary Proceeding, is interlocutory. The Order was not a final, binding judgment.  Therefore, Defendants' expedited motion for reconsideration is denied.

IT IS ORDERED that Defendants' Motion to Vacate Preliminary Injunction filed July 27, 2010, at docket entry no. 68, is DENIED.

---

Decision and Order of March 15, 2012, however, were not drafted as nor were they intended to be recommended findings of fact and conclusions of law.  As such, they were not transmitted to the United States District Court.  Under the posture of this case, Defendants could either file a request for reconsideration with this Court or seek permission from the District Court for an interlocutory appeal.  Given the absence of any prayer for relief, the Court declined to treat Defendants' March 29, 2012, Objection as a request for reconsideration.

IT IS FURTHER ORDERED that Defendants Expedited Motion to Reconsider Order Overruling Objection to Purported Order Denying Defendants' Motion for Summary Judgment filed April 2, 2012, at docket entry no. 156 is DENIED.

IT IF FURTHER ORDERED and NOTICE IS HEREBY GIVEN that a scheduling/status conference shall be held telephonically on **Wednesday, September 12, 2012, at 1:30 p.m.** To participate in the telephonic conference, the parties, as appropriate, shall, on the aforementioned date and time, dial into the Court's telephonic conferencing system at 406-221-7510.

BY THE COURT

HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana